FILED'09 FEB 23 13:11 USDC-LAE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

WESLEY KARR and JOETTE KARR,
                Plaintiffs

versus

COMMERCIAL RECOVERY SYSTEMS, INC.;
MITSUBISHI MOTORS CREDIT OF AMERICA,
INC.; and ABC INSURANCE COMPANY,
                Defendants

CIVIL ACTION

NUMBER **09 - 2849**

SECTION

MAGISTRATE **SECT. B MAG. 4**

FILED                               DEPUTY CLERK

## <u>COMPLAINT – JURY TRIAL REQUESTED</u>

NOW INTO COURT through undersigned counsel come plaintiffs, Wesley Karr

and Joette Karr, who assert the following.

1.

This is an action for damages and other relief resulting from violations of the Fair

Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o (the "FDCPA"), which prohibits

debt collectors from engaging in deceptive, abusive, and unfair debt collection practices;

for declaratory relief; and for other relief under state law.

### <u>Jurisdiction and Venue</u>

2.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15

U.S.C. § 1692k(d).  Venue is proper in the Eastern District of Louisiana, as it is the

judicial district wherein a substantial part of the events relevant to the claims made herein

occurred.  This court has jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.



1

**Parties**

3.

Plaintiffs, Wesley and Joette Karr, are persons of full age of majority domiciled in Metairie, Louisiana.

4.

Defendant, Commercial Recovery Systems, Inc. ("CRS"), is a Texas corporation licensed and doing business in Louisiana at all times relevant.

5.

CRS is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

6.

Defendant, Mitsubishi Motors Credit of America, Inc. (Mitsubishi), is a Delaware corporation licensed and doing business in Louisiana at all times relevant.

7.

ABC Insurance Company is the fictitious name of a liability insurance provider and the issuer of a bond in favor of one or more of the defendants, which policy and bond cover the claims made herein.  ABC Insurance Company is liable *in solido* with the defendants pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. Ann. § 22:655.

**Facts**

8.

In early 2008, Wesley Karr was paying $200 per month to Mitsubishi on a balance he owed on account number 085-01-0000001104702.

9.

On March 31, 2008, Karr received a call from someone who identified himself as "Bruce Ard" at Mitsubishi.  Ard told Karr that his $200 monthly payments were no

longer enough, and that such payments were not properly set up anyway and were not "official." Mitsubishi wanted the full amount. Ard threatened to call the sheriff and to institute a wage garnishment if the balance was not paid in full. Karr informed him that he could not pay the full balance all at once, at which point Ard hung up.

10.

On the same day, March 31, 2008, Karr called Mitsubishi and spoke to someone who identified himself as "Jim Edelman." Edelman offered to settle the account for a payment of $4,044.23. Karr told Edelman that he wanted the offer in writing.

11.

By letter dated March 31, 2008, Mitsubishi sent Karr a letter confirming, in pertinent part, that "we are willing to accept $4,044.23 as a compromise settlement to pay the remaining balance of your account in full. The above amount must be paid in one sum and received in our office on or before 04/04/08. This would enable us to notify the credit reporting agencies that you have satisfied your obligation."

12.

An accurate copy of the March 31, 2008 letter from Mitsubishi to Karr is attached hereto as **Exhibit A**.

13.

Karr took Mitsubishi up on this offer. On April 3, 2008, Karr called Jim Edelman at Mitsubishi and gave his bank account information for a payment of $4,044.23 plus an additional $9.95 processing fee, for a total of $4,054.18. The payment confirmation number was 2615674, and the payment was processed on April 4, 2008.

14.

During the April 3, 2008 telephone conversation, and before the $4,054.18 payment was accepted and processed, Karr told Jim Edelman that he was going to stop payment on a $200 check that he had mailed in on March 31, 2008, given that they were settling the account. Jim did not object, nor did he indicate that stopping payment on that check would affect the settlement of his account.

15.

Just over a month later, on May 13, 2008, Karr received a call from a Robert Marano at Commercial Recovery Systems, Inc. ("CRS"), claiming that Karr still owed $1,743.63 to Mitsubishi. The same day, Karr called Jim Edelman at Mitsubishi, who had accepted the settlement and payment. Edelman told Karr that he would contact CRS and clear it up.

16.

On May 15, 2008, Karr placed calls to Jim Edelman at Mitsubishi and Robert Marano at CRS to see if the matter had been cleared up. Neither returned his call.

17.

On June 9, 2008, Marano at CRS called Karr and told him that a $1,743.63 balance was owed and that he had never received anything from Mitsubishi stating otherwise. Karr faxed Marano the Mitsubishi letter containing the settlement offer and the confirmation number given to him by Mitsubishi when the settlement was accepted and paid.

18.

The same day, Karr called Mitsubishi and spoke to a Misty Lindsey.  Lindsey told Karr that he would only have to pay $200 for the stopped check and that she would have Alona from her office communicate this to CRS.

19.

On June 18, 2008, Marano called Karr and told him that he had not heard anything from Mitsubishi and that $1,743.63 was owed.  Marano also told him that he had sent a "final warning" letter to Karr and that the alleged balance would be reported to the credit bureaus.

20.

On June 23, 2008, Robert Marano called and told Karr that Mitsubishi wanted the full $1743.63 and that was the final word.  He told Karr to pay now to avoid further collection activity and damage to his credit.  Karr told Marano that he would be hiring an attorney, to which Marano replied that it would be a waste of time as any attorney would tell him that the debt was valid and that he should pay it in full.

21.

On June 25, 2008, a "Theresa Dollar" from CRS called Joette Karr on her cell phone and asked if her husband had "overlooked" the fact that he owe them $1743.63.  Dollar told Joette that the matter was with the "final processing department."  Dollar said to fax everything that validated that the debt was settled.

22.

Also on June 25, 2008, "Theresa Dollar" called Wesley Karr claiming that she found additional notes validating Mitsubishi's claim against him. Dollar told Karr that if he did not pay

that day, the account would go "into the legal system" and his wages would be garnished for the full amount. Karr gave Dollar his attorney's name and telephone number.

23.

The same day, Dollar called again and Karr's wife Joette Karr answered. She told Dollar to stop calling. Dollar replied by saying they would be hearing from a CRS attorney that day.

24.

The Karrs did not hear from a CRS attorney.

25.

Wesley Karr's wages were not garnished, as Dollar threatened; nor could they have been as there was no judgment against Karr that would have allowed a garnishment to be instituted.

26.

Also that day Wesley Karr faxed to CRS, to Theresa Dollar's attention, the settlement letter, a copy of the check that was processed electronically by Mitsubishi, and the Mitsubishi confirmation number for the payment.

27.

CRA ignored this evidence, just as it had done in the past when Karr faxed it to Marano, and continued to call, write, and harass the Karrs for several more months.

28.

CRA did not contact Mitsubishi to determine if the account was settled, after being informed by Karr that it was.

29.

On information and belief, the call from "Bruce Ard" described in paragraph 9 herein did not originate from Mitsubishi, but from CRS.

## FDCPA VIOLATIONS

30.

The express purpose of the Fair Debt Collection Practices Act ("FDCPA") is to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. 15 U.S.C. § 1692(e).

31.

CRS violated the FDCPA, 15 U.S.C. § 1692(e)(4), by falsely telling Wesley Karr that if he didn't pay his wages would be garnished, when no judgment existed that would have allowed a garnishment to be instituted.

32.

CRS violated the FDCPA, 15 U.S.C. § 1692(e)(10), by falsely telling Joette Karr that if her husband didn't pay, he would be hearing from a CRS attorney that day.

33.

CRS violated the FDCPA, 15 U.S.C. § 1692(e)(10), by telling Wesley Karr that if he didn't pay the alleged balance would be reported to the credit bureaus, when the alleged balance had already been reported by Mitsubishi and CRA did not make such a report.

34.

CRS violated the FDCPA, 15 U.S.C. § 1692(e)(4), by telling Wesley Karr that it would call the sheriff if he didn't pay, thus conveying an implied threat of arrest.

## STATE LAW CLAIMS

### 35.

Pursuant to this court's supplemental jurisdiction under 28 U.S.C. § 1367 and Article 1871 of the Louisiana Code of Civil Procedure, plaintiffs request a judgment declaring the respective rights between Wesley Karr and Mitsubishi regarding account number 085-01-0000001104702 and the settlement thereof.

### 36.

CRS was at all times relevant acting as the lawful agent of Mitsubishi, and Mitsubishi is vicariously liable for its actions.

### 37.

In the event that CRS did contact Mitsubishi to verify whether Karr's account had been settled, Mitsubishi committed a tort against him by falsely stating that the account had not been settled, and continuing to retain CRS to collect an amount not owed.

### 38.

As a result of the defendants' actions, plaintiffs have suffered damages including, but not limited to, severe mental distress and aggravation.

### 39.

Plaintiffs demand a trial by jury.

**WHEREFORE**, plaintiffs prays for a judgment in their favor and against the defendants and their insurers jointly, severally, and in solido, for actual and additional damages, reasonable attorney fees, costs and litigation expenses, interest, and for all other relief appropriate in the premises.

Respectfully submitted,

_____
STEVE R. CONLEY  #21246
321 N. Vermont Street, Suite 204
Covington, LA  70002
PH:  985-892-7222  FAX: 985-892-7075
steve@consumerlaw1.com


**MITSUBISHI**
MOTORS CREDIT OF AMERICA, Inc.

P.O. Box 4401
Bridgeton, MO 63044-0401

Mitsubishi Motors Credit of America, Inc.

(888) 878-3018

March 31, 2008

WESLEY KARR
4020 N WOODLAWN AVE
METAIRIE       LA 70006-2840

Re:   Account Number:   085-01-0000001104702
      Vehicle Description: 01 MITSUBIS MONTERO
      Balance Due:        $5,777.46

Dear WESLEY KARR:

This is to confirm that we are willing to accept  $4,044.23     as a compromise settlement
to pay the remaining balance of your account in full.

The above amount must be paid in one sum and received in our office on or before
04/04/08.

This would enable us to notify the credit reporting agencies that you have satisfied
your obligation.

Please forward your payment to the following address.

        Mitsubishi Motors Credit of America, Inc.
        P.O. Box 4401
        Bridgeton, MO 63044-0401

If you have any questions, please contact our office at the number listed above.

Sincerely,

Misti C. Lindsey
Customer Account Representative

Notice to Residents of CT,DC,IA,NC,TX and VT:  **THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

085-01-0000001104702
LGL

F&L RCL029 (02/05)

**Ex. A**